UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

LEONARD  MCQUAY,                    )
                                    )
                  Petitioner,       )
                                    )
        vs.                         )        No. 2:17-cv-00342-WTL-DLP
                                    )
RICHARD  BROWN,                     )
                                    )
                  Respondent.       )


**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Leonard McQuay for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVD 17-01-0013. For the reasons explained in this Entry, McQuay's habeas petition must be **denied**.

A.      **Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

## B.    The Disciplinary Proceeding

On December 30, 2016, Sergeant A. Bourlard issued a Report of Conduct charging

McQuay with refusing to submit to testing in violation of Code B-203. The Report of Conduct

states:

> On December 29, 2016 at approximately 11:45 pm, I, Sgt A. Bourlard informed
> Offender McQuay, Leonard #874304 that he needed to submit to a urine test. I
> then escorted Offender McQuay to the bathroom in the core of LHU. When
> arriving to the bathroom, Offender McQuay stated he had just went to the
> bathroom and didn't have to go. I gave Offender McQuay 8 ounces of water to
> drink at approximately 12:15 am. At approximately 12:47 am Offender McQuay
> submitted a specimen. It was an inadequate specimen due to the temper[a]ture not
> reaching 90 degrees. I informed Offender McQuay he needed to submit another
> specimen. He said he couldn't because he needed to defecate. I told him he was
> going to receive a conduct report for refusing a urine test for providing an
> inadequate sample.

McQuay was notified of the charge on January 3, 2017, when he was served with the Report of

Conduct and the Notice of Disciplinary Hearing (Screening Report). The Screening Officer

noted that McQuay requested Officer Ewers as a witness and a copy of the urinalysis paperwork

as evidence. Officer Ewers submitted the following statement:

> On 12/29/16, at approx. 11:45 P.M. I C/O D. Ewers assisted Sgt. A. Bourlard in
> escorting Offender McQuay, Leonard #874304 to the core area of LHU for urine
> testing. At approx. 12:47 A.M. I did witness Offender McQuay submit a urine
> specimen. He placed the specimen on the table in the conference room of LHU.
> Sgt. Bourlard then read the results. Sgt. Bourlard informed Offender McQuay that
> the specimen provided was not at the required temperature for adequate testing.
> McQuay was then told he must submit another specimen, to which he replied "I
> cannot go again, I really need to [defecate]." At that time, Sgt. Bourlard informed
> McQuay that his reply would be taken as a refusal and would receive a conduct
> report for not supplying an adequate sample. Offender McQuay then returned to
> his cell.

The Hearing Officer conducted a disciplinary hearing on January 13, 2017. The Hearing Officer

noted that McQuay stated, "I've never been tested at night time. I just pissed right before they

got there. The Sgt. told me if I couldn't provide enough sample, that I would be tested in the

morning. Can I plead guilty to a C-347." Based on the staff reports, the statement of the offender, and the evidence from witnesses, the Hearing Officer determined that McQuay had violated Code B-203. The sanctions imposed included a written reprimand, a phone restriction, disciplinary segregation, the deprivation of 90 days of earned credit time, and the loss of one credit class.

McQuay filed an appeal to the Facility Head, who denied it on March 9, 2017. McQuay then appealed to the Final Review Authority, who denied the appeal on April 5, 2017.

## C.    Analysis

McQuay challenges the disciplinary action against him arguing that he was denied requested evidence, including Officer Ewers's statement and a photo of him providing a urine specimen. McQuay also challenges the decision of the hearing officer not to allow him to view the photos used as evidence. In his reply in support of his habeas petition, he further argues that the evidence was insufficient because he was not given enough time to attempt to provide a second specimen.

### 1. *Denial of Evidence*

McQuay first argues that he was denied evidence including Officer Ewers's statement and a photo of him providing a urine specimen. He states that if the statement and the photo had been provided, it would have proven that he did provide a specimen.

Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (citation and quotation marks omitted). In the prison disciplinary context, "the purpose of the [this] rule is to insure that the disciplinary board considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best

defense." *Id.* (citation and quotation marks omitted). Evidence is exculpatory if it undermines or contradicts the finding of guilty, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008).

First, the record reflects that Ewers did provide a statement and that this statement was considered by the Hearing Officer. In addition, the statement, described above, was not exculpatory. McQuay therefore has failed to show that he was denied this evidence.

McQuay also argues that he requested photos of him providing the first sample or of the first sample itself. The respondent disputes that McQuay requested these photos, and argues that even if he did request them, such photos would not have been relevant or exculpatory. It is undisputed that he provided an initial sample that was determined to be inadequate due to its temperature. It was his refusal to even attempt a second specimen that prompted the issuance of the Conduct Report. Thus, photos of him providing the first sample are not relevant to the question of whether he provided the second one and would not have been exculpatory.

### 2. *Sufficiency of the Evidence*

In the reply in support of his habeas petition, McQuay also argues that the evidence is insufficient. He asserts that he did not refuse to provide the second sample, but merely stated that he was unable to do so at the time. Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable

doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Here, the evidence included Sgt. Bourland's statement that McQuay provided an inadequate urine specimen and then stated he could not provide another specimen and Officer Ewers's statement to the same effect. It also included McQuay's statement that he could not provide a sample and that he believed that he would be able to provide one in the morning. Based on this evidence, a reasonable hearing officer could conclude that McQuay refused to provide an adequate urine sample when he was directed to do so. McQuay therefore has failed to show that the evidence was insufficient.

**D.      Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles McQuay to the relief he seeks. Accordingly, McQuay's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 3/15/18

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

LEONARD MCQUAY
DOC # 874304
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov